Nathan Cobb et al., Respondents, *v.* Luke Wells, Appellant.

In an action to recover for iron and materials alleged to have been furnished one H. by C., H. & Co., plaintiffs' assignors, upon defendant's order, testimony was given to the effect that the bookkeeper of said firm daily weighed the iron, took an account of the work and made entries thereof in the firm books; the correctness of the items taken by him and to whose account they were applicable was proved by the foremen. Some of the members of the firm verified the charges, and evidence of persons who had made settlements of their accounts upon the books was given as to the correctness of the accounts kept upon them. The books were then offered and received in evidence under defendant's exception. *Held*, no error.

Defendant's order was that C.. H. & Co. deliver to H. " what materials * * * he may want for one hundred pumps." Defendant offered to prove the cost per pump of the only kind of pump for which materials were furnished, including all materials furnished for and the work done upon them, and that the amount of the claim largely exceeded the cort. This was excluded. *Held,* error.

(Argued December 3, 1890; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 17, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover for materials and patterns alleged to have been furnished by Cobb, Herrick & Co. to one Howe upon an order made by the defendant in the following form :

" Messrs. COBB & HERRICK :

" GENTS — Please let the bearer, Mr. Howe, have what materials, including patterns, he may want from your shop for one hundred pumps, and I will pay same within sixty days from receipt of goods, and oblige          LUKE WELLS."

The business of the firm of Cobb, Herrick & Co. was manufacturing machinery, including foundry and pattern work, and the plaintiffs were assignees of the claim in question. The claim as alleged was upwards of $1,000. The referee directed judgment for the amount of the claim, with interest, less some payments found to have been made upon it by Howe.

*Edward H. Burdick* for appellant. The order was a special contract, clear and explicit in its terms, and could not be enlarged or extended by implication, and the defendant was, and is, entitled to a construction limiting his liability to materials and patterns for 100 pumps. (2 Pars. on Cont. 4 ; *White* v. *Hoyt,* 73 N. Y. 512; *Hunt* v. *Smith,* 17 Wend. 179 ; *Walrath* v. *Thompson,* 6 Hill, 540; 2 N. Y. 185.) No extrinsic evidence was necessary to explain the order. ( *Witty*

v. *Matthews*, 52 N. Y. 516; *Westcott* v. *Thompson*, 18 id. 366, 367; *Giles* v. *Comstock*, 4 id. 270; *Norton* v. *Woodruff*, 2 id. 153; *Church* v. *Brown*, 21 id. 329; *Ward* v. *Stahl*, 81 id. 406.) The order being definite in terms and limitations, the plaintiffs' firm was bound to know what they could furnish under it, and to keep within the limits. If they exceeded those terms or limits they did so at their peril. (*Downer* v. *Thompson*, 6 Hill, 208; *N. R. Bank* v. *Aymar*, 3 id. 262; *Stainer* v. *Tysen*, Id. 279.) There was no agency on Howe's part. But if it is so claimed by plaintiffs the situation is not changed. (*Oliphant* v. *McNair*, 41 Barb. 446; *Bumpstead* v. *Hoadley*, 11 Hun, 487; *Bd. of Suprs.* v. *Bates*, 17 N. Y. 242; *Nixon* v. *Palmer*, 8 id. 398; *Craighead* v. *Peterson*, 72 id. 279.) The referee erred in receiving plaintiffs' books in evidence. (*Larue* v. *Rowland*, 7 Barb. 107; *Gould* v. *Conway*, 59 id. 355; *Merrill* v. *I., etc., R. R. Co.*, 16 Wend. 587; *Vosburgh* v. *Thayer*, 12 Johns. 461; *Corning* v. *Ashley*, 4 Den. 354.)

*W. S. Andrews* for respondents. The finding that the articles furnished Howe were covered by the order in question is sustained by the evidence. (*Smeltzer* v. *White*, 92 U. S. 390.) The books of the plaintiff were properly admitted in evidence. (*Mayor, etc.*, v. *S. A. R. R. Co.*, 102 N. Y. 572; *McGoldrick* v. *Traphagen*, 88 id. 334.)

Bradley, J. The liability of the defendant for the articles furnished to Howe arises upon and is limited by his order. The limitation by the terms of the order does not relate to the character or condition of the materials, but to such as Howe might want for one hundred pumps. The firm of Cobb, Herrick & Co. had a machine shop and the facilities for making and preparing the materials for use. And the service requisite to their adaptation for use in the construction of the pumps, fairly came within the import of the order. The main features of the account were for pattern-work, machine-work, castings and wood-work. There was also a small amount for

other materials.    If the preparation and furnishing the patterns
and materials called for by Howe under the defendant's order
for pumps not exceeding one hundred, were correctly and
fairly represented by the account of Cobb, Herrick & Co., as
found by the referee, the defendant was chargeable with the
amount of it.    There is evidence tending to prove that this
account was for patterns and materials prepared and furnished
to Howe pursuant to his call for them; that they were provided
wholly for the construction of pumps after the order was made,
and during the period ending with January 14, 1878; and that
the pumps made by him during that time did not exceed one
hundred in number.    Whether the defendant's order was
operative during that period, and whether the patterns and
materials charged in such account were or could have been
prepared and furnished for or used in the construction of that
number of pumps, were facts controverted by the evidence on
the part of the defendant to the effect that the order was not
made until a year after the time it purported to bear date; and
that the materials so charged and allowed by the referee were
largely in excess of those requisite to or used in the construc-
tion of one hundred pumps.    There was, however, evidence
tending to support the finding of the referee; and the com-
parative weight of it is not here for consideration.    The account
of materials and of the work of preparing them and the pat-
terns was, as were other accounts, entered and kept in books
of Cobb, Herrick & Co., and for details of the account in
question, reference was made to such entries by the evidence.
The books were received in evidence, subject to the exception
of the defendant.    There were weight-books and time-books,
so called, and another to which the entries on those books were
taken.    To prepare the way for the introduction of these
books, it was proved that the bookkeeper daily weighed the
iron and took an account of the work, and made the entries in
the books; and in respect to the correctness of the items so
taken by him, and as to whose account they were applicable,
the evidence of the foremen having charge of the work and
employes in the shops, was given as well as that of some of the

members of the firm by way of verification of the charges as so entered; and further evidence of persons who had made settlements with the firm of their accounts upon the books was given bearing upon the character and correctness of the accounts kept upon them. The firm had in their service a large number of workmen; and it was the duty of the book- keeper, aided by the foremen, to ascertain what the work was, and for whom it was done, and make entries of it daily in the books. The method by which the evidence tended to prove this was accomplished, was such as to render competent as evi- dence, the entries in the books within the rule applied in *Mayor, etc., of N. Y.* v. *Sec. Av. R. R. Co.* (102 N. Y. 572); *West* v. *Van Tuyl* (119 id. 620); *In re McGoldrick* v. *Trap- hagen* (88 id. 334). And the question of its weight was for the referee.

Mr. Howe was the inventor of what was called a three- cylinder pump and of one later, known as a two-cylinder pump. And there was evidence tending to prove that they were the only kind of pumps for which materials were fur- nished by Cobb, Herrick & Co., within the time before men- tioned. Then the defendant offered to prove the cost per pump of the former and including all the materials furnished for and the work done upon them by that company during the period from June 1, 1877, to January 14, 1878; also that the amount of the account in question exceeded by several hundred dollars, the cost of one hundred pumps ready for the market. The evidence was excluded upon the plaintiffs' objections, and exceptions were taken. And a like offer and ruling and exception were made and taken in respect to the two-cylinder pump. There was evidence to the effect that besides putting the prepared materials together, the painting of the pumps constituted substantially all the work of completion. The witness appeared to be qualified to give the evidence, and the offers were in such form that it must be assumed that, if admissible, the facts would have been proven in a proper manner. The controversy had relation to the quantity of materials and the extent of the work performed by that firm

within the limits of defendant's order; and upon that subject there was a conflict in the evidence of the parties. The account upon which the plaintiffs sought to recover consisted of numerous items for both materials and work in preparing them. The question was not simply what was furnished and done for Howe or for him and Cowles, who was interested with Howe in the business, but for what the defendant was chargeable by virtue of his order. And that depended upon the call made upon Cobb, Herrick & Co. for and the supply by them of materials and services within the limitation of the order. This was measured by number of pumps. It would, therefore, seem proper to prove the cost to Howe and Cowles of all the materials and work supplied and performed by the plaintiffs' assignors for and upon each pump. In that view it was competent for the defendant, if he could, to prove that the aggregate expense of the construction of the pumps, not exceeding the prescribed number, for which such materials and work were supplied and done, was less than the amount of the plaintiffs' alleged claim founded upon such account. This would have been a step on the way to proof tending to show the extent of the defendant's liability. The value of the evidence offered or the weight of it is not the subject of consideration here. It is sufficient that the evidence was competent and that the defendant may have been prejudiced by its exclusion. The ruling excluding the evidence was error.

No other exception appearing in the record was well taken.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except Follett, Ch. J., and Vann, J., not sitting.

Judgment accordingly.