## DETERMINED IN THE

# FOURTH DEPARTMENT

### AT

## GENERAL TERM,

## July, 1894.*

---

MONTRAVILLE W. ATWOOD and Another, Respondents, *v.* MARTIN BARNEY, Appellant.

*Goods sold and delivered — books of account — how proved to have been honestly kept — when competent evidence — what constitutes keeping a clerk.*

In an action brought to recover the value of goods sold and delivered, the testimony of several witnesses to the effect that they had dealt with the plaintiffs, and had settled with them from their books, which they found to be correct, is sufficient to show that the books were fairly and honestly kept.

When there are regular dealings between two persons, and it is shown that the vendor keeps honest and fair books of account, that some of the articles charged to the vendee have been delivered to him, and that the vendor keeps no regular clerk, his books of account are admissible in evidence in an action brought by him to recover from the vendee the value of goods alleged to have been sold and delivered.

The purpose of the rule limiting the admission in evidence of books of account, to cases where a party has no clerk, is to withhold this class of evidence where the party has some third person in his employ, whose business it is to notice sales made or services rendered, and to make entries of them in the books as they occur, and by whom he can prove the sale or services for which he seeks to recover.

What constitutes the keeping of a clerk within this rule, considered.

APPEAL by the defendant, Martin Barney, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Jefferson on the 25th day of September, 1893, upon the report of a referee.

---

* The other cases of this term will be found in volume 79 Hun.— [REP.

This action was brought to recover the value of goods sold and delivered.

*George E. Morse,* for the appellant.

*Wayland F. Ford,* for the respondents.

MARTIN, J.:

Practically the only question which arises upon this appeal is whether the plaintiffs' books of account were properly admitted in evidence.

The plaintiffs were hardware merchants doing business at Clayton, Jefferson county, N. Y. The books admitted in evidence were the books of account kept by them in the regular course of their business.

The appellant contends that the referee erred in admitting these books : *First.* Because the plaintiffs kept a clerk during the time of the dealing between the parties ; and, *second,* because there was no proper proof that the plaintiffs kept fair and honest accounts. Several witnesses were called who testified that they had dealt with the plaintiffs, settled from their books, and that they found them to be correct. We think this was sufficient evidence that the books were fairly and honestly kept.

The plaintiffs' testimony was to the effect that during the time this account was running they had no regular clerk, but that they sometimes employed persons to help them about the store for a few days or months; also employed persons to assist them, temporarily, in posting their books, and that the entries made on their books by others were made under their supervision, in their presence and at their suggestion. On cross-examination the plaintiffs testified that they could not swear they were always present when the charges on their books were made, or that they saw or gave directions as to every charge. The witnesses Marshall and Sumner both testified that the work they did was correctly done, and that when goods were sold or charged by them the sales were correctly reported to the plaintiffs or correctly entered upon the plaintiffs' books. A fair construction of this evidence leads to the conclusion that the entries were made under the general supervision of the plaintiffs, with their knowledge, usually in their presence, at their suggestion, and that those made by Marshall and Sumner were correct.

Under these circumstances can it be held that the plaintiffs' books were inadmissible? In *Sickles* v. *Mather* (20 Wend. 72), where the plaintiff had in his employ a foreman who delivered the goods sold by the plaintiff to the defendant, and who kept a slate at the factory on which he made a memorandum of the goods delivered, from which the plaintiff made his entries in a daybook, it was held that he was not in any sense a clerk for the purpose of verifying the books, and, hence, not within the doctrine of the case of *Vosburgh* v. *Thayer* (12 Johns. 462) which is the leading case in this State on the question of the admission of books of account in evidence, and which holds that where there are regular dealings between the parties, and it is proved that the plaintiff keeps honest and fair books of account, that some of the articles charged to the defendant have been delivered to him, and that the vendor keeps no clerk, his books of account are admissible in evidence. In *Matter of McGoldrick* v. *Traphagen* (88 N. Y. 334, 338) it was said: "We think that the clerk intended was one who had something to do with and had knowledge generally of the business of his employer in reference to goods sold or work done, so that he could testify on that subject. It evidently means an employee whose duty it is to attend to the details of business, and thus is able to prove an account, and not one who from his isolated position as a bookkeeper can have but little means of knowledge personally as to the transaction done, or information relating thereto, except what is mainly derived from others. The latter position was that occupied by the bookkeepers of the re pondent, and they were in no sense clerks within the meaning of the law as to evidence of this character." (See, also, *Cobb* v. *Wells*, 124 N. Y. 77, and cases cited in opinion.)

The obvious purpose of the rule limiting the admission in evidence of books of account, to cases where the party has no clerk, is to withhold this class of evidence, where the party has some third person in his employ whose business it is to notice the sales made or services rendered, and to make entries of them in the books as they occur, and by whom he can prove the sale or services for which he seeks to recover. While this may be a border case, still, we are of the opinion that the plaintiffs had no such clerk as would prevent the admission of their books under the rule established by the *Vosburgh* case, and that under the evidence they were properly received.

The case, however, discloses that in the plaintiffs' account there was included four dollars and forty-one cents for goods delivered to other persons, and as to which there was no evidence of any authority from the defendant to deliver them to the persons receiving them. This amount should, therefore, be deducted from the plaintiffs' recovery.

Again, the plaintiffs' books contained a charge of fifteen dollars for cash. This was not a proper subject of book account, and, under the *Vosburgh* case, and subsequent cases following it, the books were insufficient evidence to justify a recovery therefor. There was no other evidence that would authorize the allowance of that sum. The defendant denied having it, and the plaintiffs testified that they had no recollection of paying or loaning him that amount.

It follows, therefore, that the judgment herein should be modified by deducting from the amount of the recovery as of the date of the judgment, the sum of nineteen dollars and forty-one cents, with interest from February 13, 1889, to September 25, 1893, which amounts to the sum of five dollars and fifteen cents.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment modified by deducting therefrom as of the time of its entry, the sum of twenty-four dollars and fifty-six cents, and, as so modified, affirmed, without costs of this appeal to either party.